1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

10

11   SHAUN MCCRACKEN, Individually and ) Case No.: 8:13-CV-1463-JLS (RNBx)
     On Behalf of All Others Similarly    )
12   Situated,                            ) **ORDER (1) GRANTING**
                                          ) **INSTITUTIONAL INVESTOR**
13                         Plaintiff,     ) **GROUP'S MOTION FOR**
                                          ) **CONSOLIDATION, APPOINTMENT**
14           v.                           ) **AS LEAD PLAINTIFF, AND**
                                          ) **APPROVAL OF COUNSEL; AND (2)**
15                                        ) **GRANTING IN PART AND DENYING**
     EDWARDS LIFESCIENCES CORP.,          ) **IN PART EUGENE STRICKER'S AND**
16   MICHAEL A. MUSSALLEM, and            ) **LOCAL 282 PENSION TRUST FUND'S**
     THOMAS M. ABATE,                     ) **MOTIONS FOR CONSOLIDATION,**
17                                        ) **APPOINTMENT AS LEAD**
18                         Defendants.    ) **PLAINTIFF, AND APPROVAL OF**
                                          ) **COUNSEL  (Docs. 19, 23, 26)**
19                                        )
20                                        )
     EUGENE STRICKER, Individually and    ) Case No.: 8:13-CV-1666-JLS (RNBx)
21   On Behalf of All Others Similarly    )
     Situated,                            )
22                        Plaintiff,      )
                                          )
23                                        )
             v.                           )
24                                        )
     EDWARDS LIFESCIENCES CORP.,          )
25   MICHAEL A. MUSSALLEM, and            )
26   THOMAS M. ABATE,                     )
                                          )
27                        Defendants.     )
28

1    Before the Court is (1) the Institutional Investor Group's ("Investor Group")
2    Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Counsel
3    (I.I.G. Mot., Doc. 19); (2) Eugene Stricker's Motion for Consolidation, Appointment as
4    Lead Plaintiff, and Approval of Counsel (Stricker Mot., Doc. 23); and (3) Local 282
5    Pension Trust Fund's ("Local 282") Motion for Consolidation, Appointment as Lead
6    Plaintiff, and Approval of Counsel (Local 282 Mot., Doc. 26).[1]  The Court finds this
7    matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal.
8    R. 7-15.  The hearing on the Motions, scheduled for January 10, 2014, at 2:30 p.m., is
9    therefore VACATED.  For the reasons stated below, the Court GRANTS the Investor
10   Group's Motion and GRANTS IN PART AND DENIES IN PART Eugene Stricker's and
11   Local 282's Motions.

12

13   **I.    BACKGROUND**

14

15   Two securities fraud actions have been brought against Defendants Edwards
16   Lifesciences Corp. ("Edwards Lifesciences"), Michael A. Mussallem, and Thomas M.
17   Abate: *McCracken v. Edwards Lifesciences Corp., et al.*, 8:13-cv-1463-JLS (RNBx)
18   ("First Action") and *Stricker v. Edwards Lifesciences Corp., et al.*, 8:13-cv-1666-JLS
19   (RNBx) ("Second Action").  The First Action was filed on September 18, 2013, and the
20   Second Action was filed on October 24, 2013.  Plaintiffs in both actions allege that they
21   and other shareholders suffered losses as a result of purchasing Edwards Lifesciences'
22   stock at prices alleged to be artificially inflated by Edwards Lifesciences' false or
23   misleading statements.  (First Action Compl. ¶ 2, Doc. 1; Second Action Compl. ¶ 2,

24

25   _____

26   [1] The Investor Group and Local 282 filed Oppositions, and each also replied to the other's
     Opposition.  (I.I.G. Opp'n, Doc. 39; Local 282 Opp'n, Doc. 38; I.I.G. Reply, Doc. 44; Local 282
27   Reply, Doc. 43.)  Defendants Edwards Lifesciences Corp., Michael A. Mussallem, and Thomas
     M. Abate filed a Statement of Position concerning the Motions.  (Defs' Statement, Doc. 37.)

28

8:13-cv-1666-JLS (RNBx), ECF No. 1.)  Both actions allege a class period of April 25, 2012 to April 23, 2013, and assert claims for (1) violation of Section 10(b) of the Exchange Act and SEC Rule 10b-5; and (2) violation of section 20(a) of the Exchange Act.  (First Action Compl. ¶¶ 1, 72-78; Second Action Compl. ¶¶ 1, 65-71.)

On September 18, 2013, notice of the filing of the First Action was published in *BusinessWire*.  (Ward Decl. ¶ 6, Ex. E, Doc. 21.)  The notice set forth the details and pendency of the action and putative class members' right to seek appointment as lead plaintiff within 60 days.  (*Id.*)

## II.   LEGAL STANDARD

### A.  Consolidation

Under Rule 42(a), the Court may consolidate actions if they involve a "common question of law or fact."  Fed. R. Civ. P. 42(a).  "Class action shareholder suits in particular are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned."  *Schueneman v. Arena Pharm., Inc.*, 2011 WL 3475380, at *1 (S.D. Cal. Aug. 8, 2011) (quotation marks omitted).

### B.  Private Securities Litigation Reform Act

The Private Securities Litigation Reform Act ("PSLRA") governs the Court's appointment of lead plaintiff.   Under the PSLRA, the plaintiff in the initial action must cause a notice to be published in a national, business-oriented publication no later than 20 days after filing the complaint.  15 U.S.C. § 78u-4(a)(3)(A)(i).  The notice must inform members of the purported class of (1) the details and pendency of the action; and (2) their

1   right to seek appointment as lead plaintiff within 60 days after the date on which notice is

2   published.  *Id.*  Not later than 60 days after the date on which the notice is published, any

3   member of the purported class may move the court to serve as lead plaintiff of the

4   purported class.  *Id.*

5        Within 90 days after the publication of the notice, a court shall consider any

6   motion made by a class member to serve as lead plaintiff.  *Id.* § 78u-4(a)(3)(B)(i).

7   Additionally, a court is required to appoint a lead plaintiff in a timely manner after the

8   decision to consolidate has been made.  *Id.* § 78u-4(a)(3)(B)(ii).  A court shall appoint as

9   lead plaintiff "the member or members of the purported plaintiff class that the court

10   determines to be the most capable of adequately representing the interests of class

11   members."  *Id.* § 78u-4(a)(3)(B)(i).

12        The PSLRA provides a presumption that the most adequate plaintiff is the one

13   who has "the largest financial interest in the relief sought by the class" and "otherwise

14   satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *Id.* § 78u-

15   4(a)(3)(B)(iii)(I).  "In other words, the district court must compare the financial stakes of

16   the various plaintiffs and determine which one has the most to gain from the lawsuit.  It

17   must then focus its attention on *that* plaintiff and determine, based on the information he

18   has provided in his pleadings and declarations, whether he satisfies the requirements of

19   Rule 23(a), in particular those of 'typicality' and 'adequacy.'"  *In re Cavanaugh*, 306

20   F.3d 726, 730 (9th Cir. 2002) (emphasis in original).

21        Once a court has identified the presumptive lead plaintiff, other candidates have

22   the opportunity to rebut the presumption.  *Id.*  The presumption may be rebutted "only

23   upon proof by a member of the purported plaintiff class that the presumptively most

24   adequate plaintiff . . . will not fairly and adequately protect the interests of the class" or

25   "is subject to unique defenses that render such plaintiff incapable of adequately

26   representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

27

28

1   **III.   DISCUSSION**

2

3   **A.   Consolidation**

4

5       The Investor Group, Stricker, and Local 282 each move to consolidate the First

6   Action and Second Action.  Defendants do not oppose consolidation.  (Defs' Statement at

7   1.)  Both actions allege the same violations of the Exchange Act against the same

8   defendants based on the same series of statements made by Edwards Lifesciences and its

9   representatives.  (*Compare* First Action Compl. ¶¶ 32-58, 72-78 *with* Second Action

10  Compl. ¶¶ 32-58, 65-71.)  Accordingly, the Court finds the First Action and Second

11  Action appropriate for consolidation.

12

13  **B.   Notice Requirements of PSLRA**

14

15      As discussed above, the First Action was filed on September 18, 2013, and notice

16  was published in *BusinessWire* on the same day.  (First Action Compl.; Ward Decl. ¶ 6,

17  Ex. E.)  That notice set forth the details and pendency of the action and putative class

18  members' right to seek appointment as lead plaintiff within 60 days.  (Ward Decl. ¶ 6,

19  Ex. E.)  Accordingly, the notice satisfied the PSLRA requirements.

20

21  **C.   Appointment of Lead Plaintiff**

22

23      Under the PSLRA, the presumptive most adequate lead plaintiff "is the person or

24  *group of persons*" that has "the largest financial interest in the relief sought by the class"

25  and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil

26  Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added).

27

28

### 1. Financial Stake

Local 282 claims a loss of $344,839.98, and Stricker claims a loss of $6,924. (Myers Decl. Exs. B, C, Doc. 28; Tostrud Decl. Ex C, Doc. 25.)  The Investor Group, which consists of Asbestos Workers Philadelphia Pension Fund, Iron Workers' Local No. 25 Pension Fund, Locals 302 and 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Trust, Oklahoma Firefighters Pension and Retirement System, and City of Omaha Police and Fire Retirement System, claims an aggregate loss of $1,148,247.  (I.I.G. Mem. at 1, 9, Doc. 20; Ward Decl., Ex B at 6.)[2] The Ninth Circuit Court of Appeals has not yet decided whether a group seeking appointment as lead plaintiff may aggregate the losses of its members.  *See Cavanaugh*, 306 F.3d at 731 n.8 (not deciding whether a group can satisfy the "largest financial interest" requirement by aggregating losses).  This Court, however, need not decide the issue.  One member of the Investor Group alone claims a loss of $457,335.93.  (Ward Decl., Ex B at 5-6.)  Since that loss exceeds that of both Local 282 and Stricker, the Court concludes that the Investor Group has the largest financial interest in the relief sought. *See In re Surebeam Corp. Sec. Litig.*, No. 03 CV 1721JM(POR), 2004 WL 5159061, *5 (S.D. Cal. Jan. 5, 2004) (finding that group of unrelated investors had largest financial interest where an individual within that group had the greatest financial loss).

### 2. Typicality and Adequacy Under Rule 23

The Investor Group must also satisfy the requirements of Rule 23, in particular those of "typicality" and "adequacy."  *Cavanaugh*, 306 F.3d at 730.  Under Rule 23(a)(3), "the claims or defenses of the representative parties [must be] typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  Each member of the Investor

---

[2] The $1,148,247 figure was calculated under the Last-In, First-Out ("LIFO") loss calculation method.  (Ward Decl., Ex B at 6.)  The Investor Group claims a loss of $1,229,475 under the First-In, First-Out ("FIFO") method.  (*Id.*)

Group claims to have purchased a significant amount of Edwards Lifesciences common stock during the class period and to have suffered substantial losses as a result of the false or misleading statements alleged in the First and Second Actions.  (I.I.G. Mem. at 11; Joint Decl. ¶¶ 2, 4, 6, 8, 10, Doc. 22; Ward Decl. Exs A, B.)  In a securities fraud class action, this is sufficient.  *See Ferrari v. Gisch*, 225 F.R.D. 599, 606-07 (C.D. Cal. 2004).  The Investor Group's claims are based on the same legal theory and arise from the same events and course of conduct as the proposed class's claims, and the Court therefore concludes that the Investor Group satisfies Rule 23(a)(3)'s typicality requirement.

"[R]epresentation is 'adequate' when the representative's interests are not antagonistic to the interests of absent class members, it is unlikely that the action is collusive, and counsel for the class is qualified and competent."  *Id*. at 607 (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).  Here, an authorized representative of each member of the Investor Group has signed a certification stating that the member is willing to serve as a representative of the class.  (Ward Decl. Ex A.)  The Court is not aware of any conflicts between the Investor Group or its individual members and other class members.  Furthermore, the Court finds the Investor Group's selection of counsel qualified and competent, as discussed in Section III.D below.

Were the Investor Group a single entity, the above would likely be sufficient to show its adequacy to serve as class representative.  Groups, however, can present unique concerns when they seek appointment as lead plaintiff.  *See, e.g., Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1068-69 (C.D. Cal. 1999) (refusing to appoint group of 137 as lead plaintiff); *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 450-52 (C.D. Cal. 2002) (appointing group of two pension funds rather than other groups, one of which was likely "created in an effort to have its members designated as lead plaintiffs," and the other of which had not submitted evidence of its competence to serve as lead plaintiff).  Nevertheless, "a *small* group of manageable size that is capable of joint

1    decisionmaking" may be appointed lead plaintiff.  *Takeda v. Turbodyne Technologies,*
2    *Inc.*, 67 F. Supp. 2d 1129, 1135 (C.D. Cal. 1999).

3         Here, the Investor Group, with only five members, is small enough to allow
4    efficient joint decision-making.  *See Yousefi*, 70 F. Supp. 2d at 1068 ("[W]hen courts
5    appoint multiple class members as lead plaintiffs, they typically appoint less than ten
6    plaintiffs.").  Indeed, the Securities and Exchange Commission ("SEC") has stated that a
7    group of three to five members "'will facilitate joint decisionmaking and also help to
8    assure that each group member has a sufficiently large stake in the litigation.'"  *In re*
9    *Baan Co. Sec. Litig.*, 186 F.R.D. 214, 217 (D.D.C. 1999) (quoting the Memorandum of
10   the Securities and Exchange Commission, Amicus Curiae, at 16-17).  Each member of
11   the Investor Group, moreover, is a sophisticated retirement fund with hundreds of
12   millions in assets under management.  (Joint Decl. ¶¶ 2, 4, 6, 8, 10.)[3]  Certain members of
13   the Investor Group also have prior experience serving as lead plaintiff in securities class
14   actions.  (Joint Decl. ¶¶ 7, 9.)  Finally, the Investor Group has submitted a Joint
15   Declaration, signed by an authorized representative of each member of the Investor
16   Group, describing the Investor Group's procedures for overseeing this litigation,
17   including regular joint conference calls with counsel, short-notice phone and email
18   communication, and the designation of representatives to attend proceedings, depositions,
19   settlement mediations, and hearings.  (*Id.* ¶¶ 18-20; *see also* Second Joint Decl. ¶ 12,
20   Doc. 41 (describing appointment of a representative to attend the hearing, if any, on this
21   motion).)

22        Based on the foregoing, the Court concludes that the Investor Group has been
23   constituted in a manner that will allow it to adequately represent absent class members
24
25   _____
26   [3] Each member of the Investor Group also claims a loss of over $100,000 (Ward Decl.
     Ex. B), and therefore each individually "has a sufficient interest in the outcome of this
27   case to ensure that the action will be vigorously prosecuted."  *Takeda*, 67 F. Supp. 2d at
     1137 (finding group of seven adequate).
28

1  and supervise class counsel.  *See Sabbagh v. Cell Therapeutics, Inc.*, No. C10-414MJP,

2  2010 WL 3064427, *6 (W.D. Wash. Aug. 2, 2010) (appointing a group of investors as

3  lead plaintiff where "[t]he declarations detail their backgrounds, investment experience,

4  their willingness and agreement to act as a cohesive group, their intention to regularly

5  consult with each other regarding the conduct of this lawsuit, their process for sharing

6  information and decision-making, how decisions will be made between them and how

7  their counsel will be overseen").

8      Accordingly, the Investor Group satisfies the typicality and adequacy requirements

9  of Rule 23, and is presumptively the "most adequate plaintiff."

10

11      **3.  Local 282's Challenge to the Investor Group's Adequacy**

12      Local 282 was the only class member to file an opposition to the Investor Group's

13  Motion.  Local 282 argues that the Investor Group is an inadequate lead plaintiff because

14  its members "(a) were unaffiliated before filing their motion; (b) allowed their three sets

15  of counsel to amalgamate them; and (c) were unwilling (or unable) to select a single law

16  firm to prosecute this case."  (Local 282 Reply at 1.)  Local 282's contentions, however,

17  neither undercut the conclusions above, nor provide "proof" that the Investor Group "will

18  not fairly and adequately protect the interests of the class" or "is subject to unique

19  defenses that render such plaintiff incapable of adequately representing the class."  15

20  U.S.C. § 78u-4(a)(3)(B)(iii)(II).

21      Given the size, composition, and structure of the Investor Group, the Court sees no

22  difficulty with appointing a group of previously unaffiliated investors as lead plaintiff.

23  *See In re Versata, Inc., Sec. Litig.*, No. C 01-1439 SI, 2001 WL 34012374, *5 (N.D. Cal.

24  Aug. 20, 2001) ("Requiring a pre-litigation relationship, though appealing in its

25  simplicity, is too rigid . . . .  The beneficial characteristics sought in a group with a pre-

26  existing relationship—cohesiveness, an ability to direct litigation, and collective

27  confluence with the interests of the class—can be found in unrelated groups on a case-by-

28

1   case basis.").  Moreover, there is no indication that the Investor Group is an artificial

2   construction of its attorneys.  Each member of the Investor Group is a retirement fund,

3   and the group's Joint Declaration states that it was formed because of its members

4   "common interests in enhancing the stability of defined benefit plans," among other

5   reasons.  (Joint Decl. ¶¶ 2, 4, 6, 8, 10, 13.)  In any case, since one member of the Investor

6   Group alone claims to have suffered a larger financial loss than the competing movants,

7   "it does not appear that this group was assembled merely for the purpose of aggregating

8   their losses in order to surpass the financial interests of any of the other applicants."

9   *Sabbagh*, 2010 WL 3064427, at *7.

10          Finally, there is nothing per se improper with the Investor Group's request that

11  two firms be appointed co-lead counsel, and one firm appointed liaison counsel.  *See,*

12  *e.g., Takeda*, 67 F. Supp. 2d at 1139 (appointing three firms as co-lead counsel).  Local

13  282 has simply not provided a sufficient basis for questioning that the Investor Group's

14  choice of counsel was motivated by its belief, based on the experience and sophistication

15  of its members, that the class "will benefit from having the resources of two firms to

16  prosecute a large and complex action such as this" and "from [the proposed liaison

17  counsel's] expertise in local practice in the State of California."  (Joint Decl. ¶ 21.)

18          Consequently, the Court concludes that the Investor Group is presumptively the

19  "most adequate plaintiff," and that neither Local 282 nor any other class member has

20  rebutted that presumption.  The Court therefore appoints the Investor Group as lead

21  plaintiff.

22

23          **D.     Appointment of Lead Counsel**

24

25          The PSLRA provides that the "most adequate plaintiff shall, subject to the

26  approval of the court, select and retain counsel . . . ."  15 U.S.C. § 78u-4(a)(3)(B)(v).  The

27  Investor Group moves to designate its selected law firms as lead counsel.  Specifically,

28

1    the Investor Group requests that the Court appoint Labaton Sucharow LLP and

2    Scott+Scott LLP as co-lead counsel and Barrack, Rodos & Bacine as liaison counsel.

3    (I.I.G. Mem. at 16-19.)

4          This Court appoints attorneys, not firms, as class counsel, and accordingly

5    considers the adequacy of the attorneys appearing on the signature block of the Investor

6    Group's Motion:  Christopher J. Keller, Eric J. Belfi, Michael W. Stocker, Joseph P.

7    Guglielmo, Donald A. Broggi, Joseph D. Cohen, Stephen R. Basser, and Samuel M.

8    Ward.  (*Id.* at 20.)  The Investor Group provides biographies for each of these attorneys,

9    which show that each has experience in securities litigation.  (*See* Ward Decl. Exs. H-J.)

10   The Court therefore appoints Christopher J. Keller, Eric J. Belfi, Michael W. Stocker,

11   Joseph P. Guglielmo, Donald A. Broggi, and Joseph D. Cohen as lead counsel, and

12   Stephen R. Basser and Samuel M. Ward as liaison counsel.

13

14   **IV.    CONCLUSION**

15

16         For the foregoing reasons, the Court GRANTS the Investor Group's Motion.  The

17   Court also GRANTS Stricker's and Local 282's Motions to the extent they seek

18   consolidation of the First and Second Actions, but DENIES both Motions to the extent

19   they seek appointment as lead plaintiff and approval of counsel.

20         The First Action and the Second Action are consolidated.  The Investor Group is

21   appointed as lead plaintiff.  Christopher J. Keller, Eric J. Belfi, Michael W. Stocker,

22   Joseph P. Guglielmo, Donald A. Broggi, and Joseph D. Cohen are appointed as lead

23   counsel, and Joseph D. Cohen and Stephen R. Basser as liaison counsel.

24

25         1.      8:13-CV-1463-JLS (RNBx) and 8:13-CV-1666-JLS (RNBx) are to be

26                 consolidated for all purposes, including trial, under 8:13-CV-1463-JLS

27                 (RNBx), and shall bear the following caption:

28

IN RE EDWARDS LIFESCIENCES
CORP. SECURITIES LITIGATION

Case No.: 8:13-CV-1463-JLS (RNBx)

2. The Clerk shall close case number 8:13-CV-1666-JLS (RNBx).

3. The lead plaintiff shall file a consolidated complaint no later than 28 days after the entry of this Order, incorporating all parties and all alleged misrepresentations, and a class period of April 25, 2012 to April 23, 2013.

4. Defendants shall answer or otherwise respond to the consolidated complaint no later than 28 days after the filing of the consolidated complaint.

This Order shall apply to each new case that is consolidated with this action, unless a party objects to any provision of this Order within ten (10) days after the date upon which a copy of this Order is served on counsel for such party by filing an application for relief and this Court deems it appropriate to grant such application. Nothing in the foregoing shall be construed as a waiver of Defendants' right to object to consolidation of any subsequently-filed or transferred related action.

DATED: January 8, 2014

JOSEPHINE L. STATON
JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

11